# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IMELDA CAPUTI, | ) | 1:11cv02007 AWI DLB |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING DISMISSAL OF ACTION |
| v. | ) | |
| | ) | |
| COUNTY OF FRESNO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On December 5, 2011, Plaintiff Imelda Caputi, appearing pro se, filed this discrimination action asserting claims under California Government Code section 12940, et seq.  Plaintiff did not file an application to proceed in forma pauperis or pay the filing fee.  For the reasons that follow, however, this Court does not have jurisdiction over the action.

**DISCUSSION**

Federal courts are courts of limited jurisdiction. <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994).  Generally, federal jurisdiction may be invoked if a civil action arises under the Constitution, laws, or treaties of the United States, <u>see</u> 28 U.S.C. § 1331, or if there is complete diversity between the parties and the amount in controversy exceeds $75,000. <u>See</u> 28 U.S.C. § 1332.  It is presumed that a cause lies outside this limited scope, and the burden of establishing the contrary rests upon the party asserting federal jurisdiction.  <u>Kokkonen</u>, 511 U.S. at 377; <u>Vacek v. United States Postal Serv.</u>, 447 F.3d 1248, 1250 (9th Cir.2006).

1

According to the complaint, Plaintiff was terminated on or about October 12, 2010, by Defendants County of Fresno, Fresno County Superior Court and/or the State of California. She contends that at the time of her firing, she was receiving medical treatment for work-related injuries. Although she provided evidence to Defendants that she would be able to return to work on May 1, 2011, she alleges that Defendants terminated her without making any reasonable effort to accommodate her disability. Plaintiff alleges that Defendants violated California Government Code Section 12940, et seq. She requests damages, medical expenses and lost wages and benefits.

Plaintiff's sole claim is a disability discrimination claim under California law and she therefore fails to state a claim that arises under federal law. Plaintiff also fails to invoke this Court's diversity jurisdiction as all parties are citizens of California for diversity purposes. See 28 U.S.C. § 1332 (diversity jurisdiction requires that the parties be citizens of different states and the amount in controversy exceed $75,000). Accordingly, this Court does not have jurisdiction over Plaintiff's action.

The Court will not grant Plaintiff leave to amend because it is apparent that the deficiencies identified in this order cannot be cured. See Noll v. Carlson, 809 F.2d 1446, 1448–49 (9th Cir.1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted).

**RECOMMENDATION**

Based this Court's lack of jurisdiction, the Court recommends that the action be DISMISSED WITHOUT LEAVE TO AMEND .

These findings and recommendations will be submitted to the Honorable Anthony W. Ishii, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the

Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

    Dated:  **December 6, 2011**　　　　　　　　　　/s/ **Dennis L. Beck**
　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE